1 | KERN, SEGAL & MURRAY
2 | Philip A. Segal (SBN 137633)
phil@kndslaw.com
3 | 15 Southgate Avenue, Suite 200
Daly City, CA 94015
4 | Tel: (415) 474-1900 Fax: (415) 474-0302

5 | Attorneys for Plaintiff
ADAM CHAITIN-LEFCOURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM CHAITIN-LEFCOURT,<br><br>Plaintiff,<br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a political subdivision of the State of California, SAN FRANCISCO POLICE DEPARTMENT; SFPD OFC CHRISTOPHER M. DUNNE #1775; SFPD OFC NASER #4289; SFPD OFC CHEW #2088; SFPD OFC TOM #621 SFPD OFC CHAVARIN #77; ANOTHER PLANET ENTERTAINMENT, LLC; ADMIRAL SECURITY SERVICES, INC.; ASHLEY SAJLIAGA SALMIA; and DOES I through X, inclusive<br>Defendants | No. 3:20-cv-05822<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 142 U.S.C. Section 1983 and pendent state claims as hereinafter more fully appears. This court has jurisdiction under and by virtue of 28 U.S.C. §§1343 and 1331.

2. This Court has jurisdiction under 28 U.S. Code § 1332 as the amount in controversy between Plaintiff and Defendants exceeds $75,000.

3. Venue is founded in this judicial district upon 28 U.S.C. Sections 1391 as the acts complained of arose in this district.

## PARTIES

4. At all times herein mentioned, plaintiff Adam Chaitin-Lefcourt ("Plaintiff") was residing in the United States, residing within the jurisdiction of the United States District Court for the Northern District of California.

5. At all times herein mentioned, defendant Officer Dunne was duly appointed and acting as a police officer for the City and/ or County of San Francisco, employed as such by the San Francisco Police Department, and was at all material times acting under color of state law, and as the employee, agent and representative of every other defendant.

6. At all times herein mentioned, defendant Does I through X, are unknown to plaintiff who therefore sues such defendants by such fictitious names. Each of the defendants, Does I through X, is responsible in some manner for the events herein referred to, and caused injuries and damages proximately thereby to plaintiff, as herein alleged. Plaintiff will amend this complaint to insert the true names and capacities of the fictitiously named defendants when ascertained.

7. At all times herein mentioned, defendant, the City and/or County of San rancisco, is now, and was at all times herein mentioned, a political subdivision of the

1  State of California existing as such under the law of the State of California and the
2  United States.
3       8.   At all times herein mentioned, defendant City and/or County of San
4  Francisco, was and is a political subdivision of the State of California, and
5  Defendants, DUNNE , NASER; CHEW; TOM; CHAVARIN and Does I through X,
6  and each of them, were, alternatively, other political subdivisions within the state of
7  California, or law enforcement officers in the San Francisco Police Department, and
8  doing all of the things hereinafter mentioned, acted together, in conspiracy, or in
9  concert, under color of the authority of such police department, and under color of the
10 statutes, regulations, customs and usages of the State of California, the City and/or
11 County of San Francisco, and the aforementioned San Francisco Police Department.
12      9.   At all times mentioned herein, Defendant ANOTHER PLANET
13 ENTERTAINMENT, LLC, is a Limited Liability Corporation with its principal place
14 of business in Berekely, Calfornia.
15      10.  At all times mentiojned herein, Defendant ADMIRAL SECURITY
16 SERVICES, INC is a Corporation with its principal place of business in Concord, CA.
17      11.  On or about August 11, 2019, Plaintiff attended Outside Lands Music
18 Festival in Golden Gate Park of San Francisco, CA promoted and administered by
19 Defendant ANOTHER PLANET ENTERTAINIMENT, LCC. Defendants SFPD
20 OFC CHRISTOPHER M. DUNNE #1775; SFPD OFC NASER #4289; SFPD OFC
21 CHEW #2088; SFPD OFC TOM #621 SFPD OFC CHAVARIN #77 were working at
22 the Outside Lands Music Festival assigned to the "Twin Peaks" stage acting under the
23 authority vested in them by the San Francisco Police Department. The police officer
24 defendants, detained, assaulted and physically contacted Plaintiff without cause.
25 Then, without further cause or justification, the AFPD officers forcefully and
26 excessively took Plaintiff into a secluded and wooded area of Golden Gate park where
27 they continued to beat and assault Plaintiff in a manner which caused a traumatic
28 brain injury and other injuries. Plaintiff s injuries were severe enough that he was

1 taken to the emergency room at San Francisco General Hospital for emergency CT
2 Scans and other treatment. Plaintiff was booked for numerous criminal charges, all of
3 which were not based in fact and, even so, were not justification for using the force
4 against Plaintiff, and were a pretext to justify the actions against Plaintiff. All booking
5 charges against Plaintiff were rejected for prosecution.

      12.   The force used was against Plaintiff was unlawful and unjustified. The charges, a pretext to cover up the illegal activity of the SFPD officers, were dismissed against Plaintiff.

      13.   Plaintiff in no way consented to Defendants' illegal conduct, but protested the Defendant's use of force and the pretextual and false accusations to justify the officer's actions.

      14.   By reason of the above-described acts and omissions of defendants, and each of them, Plaintiff sustained physical injuries, and was subjected to humiliation and indignities, and suffered physical, mental and emotional pain and suffering all to his damage in an amount to be ascertained.

      15.   The aforementioned acts of defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

      16.   By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to plaintiff in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, it is hereby requested that Defendants pay a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1999.

///
///
///
///

## COUNT ONE

**(Plaintiff Against All Defendants and DOES I through X, For Violation of Civil Rights - Unlawful Detention and Arrest)**

17. Plaintiff hereby incorporates and realleges Paragraphs 1 through 13 hereat as though fully set forth at this place.

18. As set forth herein above, all of the defendants, and each of them, acted individually and together in a conspiracy and/or in concert to deprive plaintiff various search and seizure rights protected under the Fourth and Fourteenth Amendments to the United States Constitution.

19. By reason of the defendants' conduct, plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth amendments of the Constitution of the United States, and laws enacted hereunder.

20. The arbitrary intrusion by defendants, and each of them, into the security of plaintiffs privacy was in violation of his due process and liberty interests and were not authorizedby law. The defendants violated Plaintiff's rights against unlawful search and seizure by unlawfully detaining and arresting him. Moreover, the constitutional violations inflicted upon Plaintiff's person, and the restriction of plaintiff's movements, was unnecessary, unreasonable and, therefore, in violation of plaintiff's Fourth and Fourteenth Amendment rights. Therefore, the individual defendants, and each of them, are liable to plaintiff under 42 U.S.C. §1983.

## COUNT TWO

**(Plaintiff Against All Defendants and DOES I through X, For Violation of Civil Rights - Excessive Force)**

21. Plaintiff hereby incorporates and realleges Paragraphs 1 through 17 hereat as though fully set forth at this place.

22. By reason of defendant's conduct, who acted in concert and in conspiracy with each other in the use of excessive force and the cover-up, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and

Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

23. The arbitrary intrusion by defendants, and each of them, into the security of Plaintiff's privacy was in violation of his due process and liberty interests and not authorized by law. Moreover, the violence inflicted upon plaintiff's person was unnecessary, unreasonable and excessive, and was, therefore, in violation of plaintiff's Fourth Amendment rights. Therefore, the individual defendants, and each of them, are liable to Plaintiff under 42 U.S.C. §1983.

## COUNT THREE

**(Plaintiff Against The City and County of San Francisco and DOES I-X,**
**For Violation Of Civil Rights)**

24. Plaintiff hereby incorporates and realleges Paragraphs 1 through 20, herein as though fully set forth at this place.

25. Defendant, the City and County of San Francisco, and DOES I-X, knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of inhabitants of this district, maintains and permits an official policy and custom of permitting the occurrence of the types of wrongs set forth herein above and hereafter.

26. These policies and customs, on information and belief based on the allegations in this case, include, but are not limited to, the deliberately indifferent training of its officers in the use of force, the execution of arrests, the failure to train officers in the prevention of fellow officers from violating the rights of citizens, engage in harassment, the failure to discipline or otherwise take action to retrain or correct officers who engage in prior acts of misconduct, the inappropriate training of officers (or the unlawful policy, custom, and practice which allows officers) to investigate uses of force in a fair manner that is not intimidating to witnesses into withdrawing complaints, not want to testify, or slant the investigation to favor the officer. These policies, customs, practices, and failure to train led to the ratification by

of unlawful acts by San Francisco Police Officers. These policies and/or customs also include the express and/or tacit encouragement of arrests without probable cause, the use of excessive force, the ratification of police off,rcer misconduct, the failure to conduct adequate investigations of police officer misconduct such that future violations do not occur, the indifference shown to officer misconduct such that it allows officers to feel that they can act with impunity in using excessive force, conducting unlawful arrests, and conducting illegal detentions and searches and the policy, custom or practice of not recording interviews of officers subject to use of force investigations. Plaintiff is informed and believes, and thereon alleges, that the customs, policies, practices and failure to train were, individually, and collectively, the moving force behind the violations of Plaintiffls rights. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, the City and County San Francisco and DOES I-X are liable for all of the injuries sustained by Plaintiff as set forth above.

### COUNT FOUR

**(Plaintiff Against The City and County of San Francisco, SFPD, OFC DUNNE and DOES I-X, For Deprivation of Rights Under Color of Law in violation of TITLE 18, U.S.C., SECTION 242 )**

27. Plaintiff hereby incorporates and realleges Paragraphs 1 through 20, herein as though fully set forth at this place.

28. Plaintiff owned and possessed a family heriloom gold necklace of extreme sentimental value that he was wearing to the Outside Lands Music Festival on August 11, 2019.

29. Defendant DUNNE intentionally and substantially interfered with Plaintiff's property by forcefully removing and taking possession of the gold necklace subsequent to the unlawful detention and arrest of Plaintiff and placing the necklace into OFC DUNNE's breast pocket.

1  30. Plaintiff requested OFC DUNNE return his necklace and stated that he
2  always wears the necklace "even when he sleeps." OFC DUNNE refused and stated
3  "not any more."
4  31. Plaintiff did not consent to OFC taking his necklace.
5  32. Plaintiff was harmed.
6  33. OFC DUNNE's conduct was a substantial factor in causing Plaintiff's
7  Harm.

## COUNT FIVE

**(Plaintiff Against all Defendant ASHLEY SAJLIAGA SALMIA, ADMIRAL SECURITY SERICES, INC.  and DOES I-X,**

**For Assault and Battery)**

34. Plaintiff hereby incorporates and realleges Paragraphs 1 through 20, herein as though fully set forth at this place.

35. Plaintiff alleges that Defendant ASHLEY SAJLIAGA SALMIA in the course and scope of her employment with DEFENDANT ADMIRAL SECURITY SERICES, INC. touched Plaintiff or caused Plaintiff to be touched with the intent to harm or offend him.

36. Plaintiff did not consent to be touched.

37. Plaintiff was harmed by the touching.

38. Plaintiff is informed and believes the aforementioned Defendant carried out the aforesaid acts with a conscious disregard for Plaintiff's right to be free from such tortious and criminal behavior, such as to constitute oppression fraud or malice entitled Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

39. Plaintiff further alleges that officers, directors and/or managing agents of Defendant, and each of them, ratified Defendant's conduct by failing to terminate and/or otherwise discipline them, despite actually knowing of her conduct, thus,

1 demonstrating intent to adopt and/or approve of Defendant ASHLEY SAJLIAGA
2 SALMIA's oppressive and malicious conduct.

### COUNT SIX

**(Plaintiff Against Defendants ANOTHER PLANET ENTERTAINMENT, LLC; ADMIRAL SECURITY SERVICES, INC.; ASHLEY SAJLIAGA SALMIA and DOES I-X, For Negligence)**

40. Plaintiff hereby incorporates and realleges Paragraphs 1 through 20, herein as though fully set forth at this place.

41. Plaintiff alleges that Defendants ANOTHER PLANET ENTERTAINMENT, LLC; ADMIRAL SECURITY SERVICES, INC.; ASHLEY SAJLIAGA SALMIA and DOES I-X owed Plaintiff a duty of reasopnable car;

42. Defendants ANOTHER PLANET ENTERTAINMENT, LLC; ADMIRAL SECURITY SERVICES, INC.; ASHLEY SAJLIAGA SALMIA and DOES I-X breached their duty of reasonable care by their neglgient, careless, reckless, wanton and/or unlawful acts and omssions as allegedf herein;

43. Defendants ANOTHER PLANET ENTERTAINMENT, LLC; ADMIRAL SECURITY SERVICES, INC.; ASHLEY SAJLIAGA SALMIA and DOES I-X breach of their duty of care to Plaintiff was a substantial factor in causing Plaintiff harm.

### COUNT SEVEN

**(Plaintiff Against Defendants CITY AND COUNTY OF SAN FRANCISCO; ANOTHER PLANET ENTERTAINMENT, LLC; ADMIRAL SECURITY SERVICES, INC. and DOES I-X, For Negligent Hiring, Supervision and/or Retention)**

44. Plaintiff hereby incorporates and realleges Paragraphs 1 through 20, herein as though fully set forth at this place.

45. Plaintiff alleges that Defendants DUNNE; NASER; CHEW; TOM CHAVARIN; and ASHLEY SAJLIAGA SALMIA were unfit and/or incompetent to perform the work for which they were hired;

46. Defendants CITY AND COUNTY OF SAN FRANCISCO; ANOTHER PLANET ENTERTAINMENT, LLC; and ADMIRAL SECURITY SERVICES, INC. knew or should have known that Defendants DUNNE; NASER; CHEW; TOM CHAVARIN; and ASHLEY SAJLIAGA SALMIA were unfit and/or incompetent;

47. Said unfitness and/or incompetence created a particular risk to others;

48. Defendants DUNNE; NASER; CHEW; TOM CHAVARIN; and ASHLEY SAJLIAGA SALMIA's unfitness and/or incompetence caused harm to Plaintiff.

## **PRAYER**

WHEREFORE, Plaintiff requests judgment as follows against defendants, and each of them:

1. That Defendants be required to pay Plaintiff general damages including pain and suffering and emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages in a sum to be ascertained;

3. That Defendants be required to pay Plaintiff exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay attorney's fees pursuant to Section 1988 of Title 42 of the United States Code;

5. That Defendants be required to pay the costs of suit herein incurred; and

6. That Plaintiff have such other and further relief as the court may deem just and proper.

///
///
///

DATED: August 18, 2020

KERN, SEGAL & MURRAY

By:    /s/ Philip A. Segal
      PHILIP A. SEGAL
      phil@kndslaw.com
      Attorney for Plaintiff,
      ADAM CHAITIN-LEFCOURT

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by Jury.

DATED: August 18, 2020

KERN, SEGAL & MURRAY

By:    /s/ Philip A. Segal
      PHILIP A. SEGAL
      phil@kndslaw.com
      Attorney for Plaintiff,
      ADAM CHAITIN-LEFCOURT